**COMP**
JAMES R. ROSENBERGER, ESQ.
Nevada Bar No. 001047
PICO ESCOBAR ROSENBERGER, Ltd.
2000 South Eastern Avenue
Las Vegas, Nevada 89104
(702) 457-9099 FAX 457-8451

*Attorneys for Plaintff*
*JAMES WOODY*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JAMES WOODY, | 2:05-cv-01522 |
| Plaintiff, | |
| v. | HONORABLE: |
| | DEPT: |
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., a foreign corporation; AMERICAN EXPRESS CENTURION BANK, a foreign corporation; EASTMAN KODAK, a foreign corporation; JAFFE & ASHER, LLP, a New York limited liability corporation, DOES 1-10 and ROES 10-20, inclusive, | TIME: |
| | DATE: |
| Defendants. | |

**PLAINTIFF'S VERIFIED COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. SECTION 1692 ET. SEQ.; LIBEL; UNFAIR BUSINESS PRACTICES; INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, AND DEMAND FOR JURY TRIAL**

Plaintiffs alleges:

**I.**

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et. seq. (hereinafter

F:\Rosenberger\Las Vegas Digital, Inc\Woody v. Amex\Pleadings\Complaint.wpd

"FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

**Plaintiff demands a jury trial.**

## II.

## JURISDICTION

2. Jurisdiction and venue is proper before this Court pursuant to 15 USC § 1681p, in that Defendants' violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act are governed by federal law and Woody alleges more than $75,000.00 in damages.

3. Woody is an individual residing primarily in the State of Nevada.

4. Defendant, American Express Travel Related Services Company, Inc., is a foreign corporation, not created or specifically qualified to do business in the State of Nevada, but providing credit and/or credit accounts to Nevada residents.

5. Defendant, American Express Centurion Bank., is a foreign corporation, not created or specifically qualified to do business in the State of Nevada, but providing credit and/or credit accounts to Nevada residents.

6. Defendant, Jaffe & Asher, LLP, is a limited liability professional entity existing by virtue of the laws of the State of New York.

7. Defendant, Eastman Kodak, is a foreign corporation that provides photographic equipment and supplies throughout the world.

8. (DOE Defendants)

9. Plaintiff is informed and believes, and thereon alleges, that each of the defendants is, and at all times relevant herein was, the agent, employee or alter ego of each of the remaining co-defendants, and in committing the acts herein alleged, was acting in the scope of their authority

as such agents, employees or alter egos, and with the permission and consent of the remaining co-defendants.

## IV.

## FACTUAL ALLEGATIONS

10. James Woody repeats and realleges and incorporates by reference paragraphs 1 through 12 as though fully stated herein.

11. James Woody (hereinafter "Woody"), an individual consumer had approximately three (3) consumer credit accounts with American Express, beginning in approximately calendar year 1991.

12. Woody maintained his accounts with American Express and used them for, among other things, to purchase photographic and reproduction supplies from Eastman Kodak for Woody's business, then known as Brentwood Imaging.

13. In calendar year 2002, Eastman Kodak provided certain defective and unusable photographic equipment and supplies that could not be used in Woody's business due to the defective character of the supplies.

14. Woody made efforts to contact Eastman Kodak and its' representatives to return the defective and unusable product, but Eastman Kodak failed and refused to accept re-delivery or return of the defective product.

15. Woody contacted American Express and gave direction to charge-back Eastman Kodak charges of approximately $30,000.00 for the defective and unusable product supplied by Eastman Kodak.

16. American Express initially agreed to charge back Eastman Kodak charges against

Woody in the amount of approximately $18.000.00.

17. Eastman Kodak then, by and through its executive employee, John Keazior, told Woody that Eastman Kodak would not stand for the charge backs and in approximately November 2002, Eastman Kodak directed American Express to terminate Woody's accounts with American Express, even though they were still in good standing.

18. In November 2002, American Express advised Woody that they found his claims regarding defective and unuseable Eastman Kodak product to be false and unsubstantiated. At the same time, American Express advised Woody that they would be closing his three (3) accounts.

19. At the same time, American Express advised Woody that he would need to pay $55,000.00 on or before December 16, 2002.

20. American Express employee Jim Beetle spoke with Woody on or about December 16, 2002 and advised that he would wait until December 29, 2002 for the $55,000.00 payment demanded.

21. On or before December 29, 2002, Woody wired $55,000.00 directly to American Express in order to reinstate his accounts with American Express.

22. Woody's next contact regarding this matter was with the Collection Attorney's Jaffe & Asher on behalf of American Express, by and through attorney Jim Baden, on or about January 3, 2003. Mr. Baden advised Woody that he owed American Express $90,000.00 in order to satisfy his accounts with American Express.

23. Of course, Woody took issue with Jim Baden's/Jaffe & Asher's statement on January 3, 2003 that he owed $90,000.00 and demanded to see statements confirming the amount that Mr. Baden was representing as being due and owing to American Express.

24.  In January 2003, Woody made payments to American Express of approximately $1,500.00, which payments were accepted by American Express.

25.  Beginning in approximately March 2003, Woody made payments to Jaffe & Asher of approximately $3,000.00-$4,000.00 while he was waiting for American Express and/or Jaffe & Asher to provide him with the American Express statements that would account for the amount due and owing to American Express.

26.  In approximately August 2003, Jaffe & Asher attorney Pamela Cohen communicated with Woody that he now owed American Express $38,000.00 in order to satisfy his accounts. When Woody told Cohen that he would not make any further payments until he received the statements that he had requested from American Express evidencing the amounts due and owing, Woody was told by Pamela Cohen that "I am going to trash your credit", in violation of 15U.S.C.-1692d(1) and 15 U.S.C. 1692(e)(8)

27.  Shortly after that conversation in August or September 2003, Jaffe & Asher did supply some statements from American Express, but those statements memorialized the time frame up to and including only October 2002.

28.  Woody has requested and demanded copies of the statements that reportedly reflect the amounts due and owing to American Express for more than two (2) years since that date.

29.  In approximately May 2005, Jaffe & Asher provided statements ostensibly from American Express, but again, those statements do not include the period of December 2002 or January 2003, a violation of 15 U.S.C. 1692ga(1).

30.  To date, American Express and/or Jaffe & Asher has not responding to an accounting showing how the $55,000.00 or more paid by Woody in December 2002 and January 2003 was

credited to Woody's accounts, a violation of 15 U.S.C. 1692-9(a)(1).

31. To date, Woody does not know if the Eastman Kodak charge backs were added to his accounts in order to justify the current demand of American Express for $38,000.00, a violation of 15 U.S.C. 1692 § 809(5)(b).

32. At this time, American Express and Jaffe & Asher justify its demand for $38,000.00 using the American Express account statements through November 2002. These statements do not, however, reflect how the $55,000.00 payment made in December 2002 was credited or accounted with regard to the said accounts.

33. American Express and/or Jaffe & Asher have made false representations to various credit reporting agencies that Woody's accounts were closed as of June 2002, when in fact those accounts were in good standing and being used by Woody through the middle of November 2002, a violation of 15 U.S.C. 1692(e).

34. American Express and/or Jaffe & Asher have made false representations to various credit reporting agencies by failing to reflect or account for any credit for payments made in December 2002 and January 2003, of between $55,000.00 and $60,000.00 by Woody. These credit reporting agencies are mistaken in their understanding that American Express charged-off almost $70,000.00 of accounts, due to the fact that they were provided with erroneous information by American Express and/or Jaffe and Asher and have relied upon that erroneous information when in fact most or all of these accounts were in fact paid, a violation of 15 U.S.C. 1692 § 807(2)(a).

35. Defendants, and each of them, acting in agency with the others, knowingly and willfully communicated to credit reporting agencies information regarding a untrue delinquency in payments on account by James Woody, a violation of 15 U.S.C. 1692 § 807(2)(a).

36. James Woody has been unable to secure services from various vendors, due to the derogatory and false information reported by defendant to credit reporting agencies.

37. As a further direct and proximate result of defendants, and each of them, acting in agency with the others, stated herein, James Woody was refused additional credit from other credit agencies and suffered humiliation, embarrassment, anxiety, emotional distress and defamation of character.

38. As a direct and proximate result of defendant's acts stated herein, James Woody was refused, additional credit from other credit agencies, and suffered humiliation, embarrassment, anxiety, emotional distress and defamation of character.

39. As a further direct and proximate result of the unreasonable and unsubstantiated false reports of James Woody's credit card history, and the wilful, untrue and knowingly made communications by the defendants, and each of them acting as agent for the others, and the defendants refusal to rectify their errors as stated herein, James Woody suffered actual damages and incurred costs and expenses, in an amount to be proven at trial.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

40. The reasonable value of the services rendered by the attorney and to be rendered by the attorney to James Woody will be in a sum to be determined and proven at trial.

DATED this _____ day of December 2005.

RESPECTFULLY SUBMITTED:

PICO ESCOBAR ROSENBERGER, Ltd.

By: _____
JAMES R. ROSENBERGER, ESQ.
Nevada Bar No. 001047
2000 South Eastern Avenue
Las Vegas, Nevada 89104
*Attorneys for Plaintiff*
*JAMES WOODY*

## VERIFICATION OF JAMES WOODY

STATE OF NEVADA      )
                     ) ss:
COUNTY OF CLARK      )

JAMES WOODY, being first duly sworn, deposes and says:

That he is the Plaintiff in the above entitled action; that he has read the foregoing **COMPLAINT** and knows the contents thereof, and that the same is true of his own knowledge except for those matters therein stated on information and belief, and as for those matters he believes them to be true.

_____
JAMES WOODY

SUBSCRIBED and SWORN to before me on this ___ day of December, 2005.

_____
NOTARY PUBLIC, in and for said County and State.

NOTARY PUBLIC
PATRICIA A. QUINN
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. NOVEMBER 8, 2008
No: 96-3615-1